**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SERGIO COTA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>FRESENIUS USA, INC., et al.,<br><br>Defendants. | CASE NO. 18cv1163-LAB (AGS)<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [Dkt. 36]** |

Plaintiff Sergio Cota worked for Defendant Fresenius USA Manufacturing, Inc. ("FUSA Manufacturing," and together with its parent and co-defendant Fresenius USA, Inc., "Defendants") as a truck driver from May 21, 2008 through April 19, 2017. While he worked there, he alleges, Defendants violated California's labor laws relating meal periods, rest breaks, and overtime compensation. He also alleges derivative claims for failure to pay wages due upon termination, failure to provide accurate itemized wage statements, violation of California's Unfair Competition Law ("UCL"), and violation of the California Private Attorneys General Act ("PAGA").

After Cota filed his claims, the Secretary of Transportation, acting through the Federal Motor Carrier Safety Administration ("FMCSA"), declared that the Motor Carrier Safety Act of 1984 (the "MVCSA") preempted California

meal and rest break rules insofar as they purport to apply to commercial motor vehicle drivers. The FMCSA then released an opinion stating that its December 2018 declaration applies to any future enforcement of those statutes, regardless of whether the alleged misconduct occurred before it issued that declaration.

After the Ninth Circuit took up on appeal another action involving FMCSA's preemption decision, *Int'l Bhd. of Teamsters, Local 2785 v. FMCSA*, Case No. 19-73488, the parties jointly moved to stay this case on the ground that they expected the decision in that case to be "controlling" in this case. (Dkt. 26 at 2.) The Court granted that motion. The Ninth Circuit then upheld FMCSA's preemption determination but found that FMCSA's opinion on retroactivity was not a reviewable final agency action. *Int'l Bhd. of Teamsters, Local 2785 v. FMCSA*, 986 F.3d 841, 858 n.5 (9th Cir. 2021).

Defendants moved for summary judgment, contending that Cota's meal and rest break causes of action were barred by preemption, his overtime cause of action failed because commercial motor vehicle drivers are exempted from California's overtime requirements, and the remainder of Cota's claims are derivative. Cota opposed only on the ground that FMCSA's preemption decision didn't apply to conduct occurring before December 2018. But because the plain language of 49 U.S.C. § 31141 provides that preempted state laws can't be enforced, because Cota was exempt from the protection of California's overtime statute, and because the remainder of Cota's claims can't stand without other supporting violations, Defendants' Motion for Summary Judgment is **GRANTED**.

## DISCUSSION

A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### I. Cota's First and Second Causes of Action Rely on Unenforceable Statutes

Under 49 U.S.C. § 31141, "[a] State may not enforce a State law or regulation on commercial motor vehicle safety that the Secretary of Transportation decides under [the MVCSA] may not be enforced." FMCSA, on behalf of the Secretary of Transportation, declared that California's meal and rest break rules as applied to drivers of commercial vehicles were preempted by MVCSA, an action that the Ninth Circuit found "reflects a permissible interpretation of [MVCSA]." *See California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers*, 83 Fed. Reg. 67,470 (Dec. 28, 2018); *Int'l Bhd. of Teamsters*, 986 F.3d at 846. Cota's first and second causes of action are for alleged violations of these preempted rules. (*See* First Am. Compl., Dkt. 7, ¶¶ 39–55; 83 Fed. Reg. 67,472–80).

Cota argues that his claim should survive because he alleges violative conduct prior to FMCSA's preemption determination. But the language of section 31141 is plain: preemption affects the *enforcement* of state laws. The Court can't enter judgment for violations of unenforceable laws, regardless of whether the offending conduct occurred while those laws were still enforceable. The Court **GRANTS** summary judgment in Defendants' favor on Cota's first and second causes of action.

### II. Cota's Overtime Claim Fails as a Matter of Law

Cota's third cause of action alleges that Defendants failed to pay overtime compensation under Cal. Labor Code §§ 226, 510, and 1194. Those statutes do not apply to transportation industry employees who "operat[e] . . . [a] commercial motor vehicle with a gross vehicle weight rating of 26,001 or more pounds." Cal. Vehicle Code § 34500(k); Wage Order No. 9-2001 § 3(L) (exempting from IWC Wage Order 9 "employees whose hours of service are regulated by . . . [13 C.C.R. §§ 1200 et seq.]"); 13 C.C.R. § 1200 ("The

provisions of this chapter shall apply to vehicles listed in [Cal. Vehicle Code § 34500].").[1]

Cota is a transportation industry employee within the meaning of Wage Order 9. That Order defines "Transportation Industry" as "any industry, business, or establishment operated for the purpose of conveying persons or property from one place to another whether by rail, highway, air, or water, and all operations and services in connection therewith." Wage Order No. 9-2001 § 2(P). FUSA Manufacturing's business is the distribution and delivery of certain products throughout the country—in other words, transportation. (Dkt. 36-8 ¶ 3). And Cota's work for that business consisted of operating commercial vehicles with gross vehicle weight ratings of over 34,000 pounds. (*Id.* ¶¶ 18–19; *see also* First Am. Compl., Dkt. 7, ¶ 23). Cota doesn't dispute these facts, and they are enough to bring him outside the coverage of the overtime statutes his third claim relies on. The Motion for Summary Judgment is **GRANTED** as to that claim.

### III. Cota's Remaining Claims Are Derivative of his First Three Claims

Cota's remaining claims fall into two categories. In the first category, his fourth and fifth causes of action assert violations premised on the theory that Defendants failed to pay him overtime. He alleges that, because he was owed and not paid wage premiums for overtime, meal periods, and rest breaks, Defendants did not pay him all his wages upon termination of his employment,

---

[1] 13 C.C.R. § 1200(b) contains two exceptions. The first is for "vehicles used primarily off the highway and not required to be registered pursuant to [Cal. Vehicle Code § 4000(a)]," 13 C.C.R. § 1200(b)(1), which does not require registration of vehicles "driven, moved, or left standing in an offstreet public parking facility." And the second is for vehicles transporting hazardous materials under Cal. Vehicle Code § 34500(g) but not covered by other subsections of that statute. 13 C.C.R. § 1200(b)(2); Cal. Vehicle Code § 34500(g). Neither exception applies here. (*See* Dkt. 36-8 ¶¶ 18–20).

and its wage statements inaccurately reflected the amount he was owed.[2] But as discussed above, he can't establish that he had a right to those wage premiums. His claims for failure to timely pay and properly detail wages he wasn't owed fail as a matter of law. The Court **GRANTS** the Motion for Summary Judgment as to those claims.

Cota's sixth and seventh causes of action under the UCL and PAGA are in a second category: claims that always require an underlying violation of some other California law. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (UCL's "unlawful" element requires plaintiff to identify violation of another law); *Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) (PAGA fail claims where underlying causes of action fail). Because each of Cota's other claims fail, the UCL and PAGA claims must fail, too. The Court **GRANTS** the Motion for Summary Judgment as to those claims.

## CONCLUSION

Cota's wage and rest period claims relied on unenforceable California state law. His overtime claim overlooked that he was exempted from the overtime protections he relied on. His other wage-related claims were

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] The First Amended Complaint also alleges that Defendants' wage statements "inaccurately understated . . . hours" and did not identify "the name and address of the legal entity that is the employer." (FAC ¶¶ 22, 70). But he doesn't allege any facts to support these recitations of Cal. Labor Code § 226(a), and mere conclusions aren't enough to defeat summary judgment. *Rivera v. National R.R. Passenger Corp.*, 331 F.3d 1074, 1078 (9th Cir. 2003).

derivative of the first three failed claims, and his UCL and PAGA claims can't stand without the support of another claimed violation of law. Defendants' Motion for Summary Judgment is **GRANTED**. The Court enters judgment in Defendants' favor, and the Clerk is directed to close the case.

Dated: March 14, 2022

*Larry A. Burns*

**HON. LARRY ALAN BURNS**
United States District Judge